L'Union St. Jean Baptiste de Pawtucket, R. I. *vs.* Salomie Couture et L'Union St. Jean Baptiste D'Amerique.

PROVIDENCE—JULY 17, 1902.

Present : Stiness, C. J., Douglas and Blodgett, JJ.

(1) *Beneficial Associations.   Interpleader.*

Deceased, a member of a local beneficial society, with other members became a member of a national society, in his application for benefits in the latter releasing all his mortuary benefits in the former.   This was in pursuance of an agreement by which the local society was to pay the entry fees of such of its members as joined the national society.   The former paid on that account one hundred dollars and gave its note for the balance, with the understanding that the assessments for death benefits in the former as they should become collectible should be appropriated to the payment of the note instead of being paid to the beneficiaries, who should look to the latter society for benefits.   The one hundred dollars paid to the latter were credited to the charge for entry fees of the new members, and settled fifty cents of the two dollars due from each.   While the transfer was only partly consummated, and before any certificate was issued on application of deceased, he died ; and the national society, claiming that deceased was not entitled to mortuary benefits in both societies, proposed to pay the widow the sum which would have accrued to his representative if he had fully completed his membership, if she would assign to the national society her claim for benefits, in the local society, which she did.   The widow later claimed benefits in both societies.   On interpleader :—

*Held,* that the terms of the application substituted one right for the other, and that the local society was entitled to the fund.

INTERPLEADER.   Heard on bill and answers.

Douglas, J.   This is a bill of interpleader brought to determine the ownership of a fund which has been paid into court by the complainant as benefits due upon the death of David Couture, who was a member in good standing of the complainant corporation, and who died October 31, 1901.

The defendant Salomie Couture widow of David, claims this fund as the beneficiary named in the contract of insurance.

The defendant L'Union St. Jean Baptiste d'Amerique claims it by renunciation of David Couture, or by assignment from Salomie Couture.

(1)   Deceased was originally a member of the Union St. Jean Baptiste de Pawtucket, and on June 17, 1901, together with most of the members of that society, became a member of the Union St. Jean Baptiste d'Amerique.   In his application for benefits to the latter society, made October 26, 1901, he released all his mortuary benefits in the former.   According to the evidence this application and release was signed by the son of David Couture, in his presence and by his direction.

This renunciation was in pursuance of an agreement by which the Pawtucket society was to pay the entry fees of such of its members as joined L'Union d'Amerique.   The Union de Pawtucket paid on that account one hundred dollars in cash and gave its promissory note for the balance, with the understanding that the assessments for death benefits in the Union de Pawtucket as they should become collectible should be appropriated to the payment of the note instead of being paid to the beneficiaries, who should look to the Union d'Amerique for benefits and not to the original society.   The one hundred dollars which were actually paid to the Union d'Amerique were credited to the charge for entry fees of the new members, and settled fifty cents of the two dollars due from each.

While the transfer was thus only partly consummated, and before any certificate was issued on his application to the Union d'Amerique, David Couture died; and soon after Mr. Coron and Mr. Faubert, representing the Union d'Amerique, called upon the widow and explained the situation to her as they understood it.   They told her that her husband was not entitled to mortuary benefits in both societies, and that his entry fee had not been paid in the Union d'Amerique; but proposed to pay her the sum—$250—which would have accrued to his representatives if he had fully completed his membership, if she would assign to the Union d'Amerique her claim for benefits, amounting to $218, in the Union de Pawtucket.

She accordingly signed the assignment which they had prepared conveying to the Union d'Amerique her claim for mortuary benefits from the Union de Pawtucket, and they paid her the $250.

Her claim now is that she was entitled to benefits from both

organizations, and that the statements of the committee were false and her execution of the assignment was induced by fraud.

We cannot find any foundation for these allegations. The committee simply asked her to carry out the intention of her husband in pursuance of the agreement between the two societies, and as expressed in his written application to the Union d'Amerique. They might have availed themselves of technical objections to considering him a member in good standing in their society, as the entry fee had not been fully paid; but in a spirit of fair dealing they offered to waive these objections in effect if she would turn over to them the smaller sum which her husband had agreed should be relinquished when he should be given benefits in the larger society. Her idea that the beneficiary could claim benefits from both societies was erroneous; the terms of the application clearly substitute one right for the other.

The Union St. Jean Baptiste d'Amerique is therefore entitled to the fund in the registry of the court.

*Archambault & Gaulin*, for claimant corporation.

*T. F. Vance*, for respondent Couture.